IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

ANTONIO LUCAS,
ALEX SHERRILL and all others
similarly situated,

      Plaintiffs,

vs.

MIKE McMURRIN TRUCKING,
INC., and MIKE McMURRIN,

      Defendants.

No. C14-0116

RULING ON MOTION FOR
PROTECTIVE ORDER

This matter comes before the Court on the Motion for Protective Order (docket number 48) filed by the Plaintiffs on August 20, 2015, and the Resistance (docket number 52) filed by the Defendants on September 2. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. BACKGROUND

On October 30, 2014, Plaintiffs Antonio Lucas and Alex Sherrill filed a complaint against Defendants Mike McMurrin Trucking, Inc. and Mike McMurrin (collectively "McMurrin"), alleging violations of the Fair Labor Standards Act ("FSLA") and the Iowa Wage Payment Collection Law ("IWPCL"). Plaintiffs brought the action "on behalf of themselves and as representatives of similarly situated employees." On February 2, 2015, McMurrin filed an answer, denying the material allegations and asserting certain affirmative defenses.

On February 20, 2015, the Court filed a Scheduling Order and Discovery Plan, establishing certain pretrial deadlines. In reliance on those deadlines, Chief Judge Linda R. Reade scheduled the case for trial beginning on May 9, 2016.

On April 8, 2015, the Court entered an Order conditionally certifying a class of "all current and former hourly truck drivers of McMurrin Trucking who have been employed at any time since March 17, 2012." McMurrin was ordered to provide Plaintiffs with the names and last known addresses of potential class members, and Plaintiffs were authorized to notify putative class members that they may elect to opt in to the lawsuit. The deadline for putative class members to opt in was June 16, 2015. In addition to the two named plaintiffs, eight other plaintiffs have opted in.

## II. ISSUES PRESENTED

In their motion for protective order, Plaintiffs raise two issues. First, Plaintiffs ask that the deposition of Alex Sherrill (a named plaintiff) be delayed indefinitely due to his medical condition. Second, while Defendants have taken the depositions of five out of the eight opt-in plaintiffs, Plaintiffs ask that Defendants be prohibited from taking the depositions of the remaining three opt-in plaintiffs.

## III. DISCUSSION

### A. Sherrill's Medical Condition

Plaintiffs ask the Court to enter an order "indefinitely deferring" the deposition of Alex Sherrill, a named plaintiff. Plaintiffs argue that Sherrill's medical condition prevents him from submitting to a deposition. In their unsworn brief, Plaintiffs describe Sherrill's condition as follows:

> Sherrill has been unable to attend a deposition due to being hospitalized for a severe staph infection. He has since remained largely bedridden due to his ongoing illness. At present, it is extremely painful for him to wear clothes. Even if accommodations were made to depose him at his bedside or over the phone, Sherrill does not believe he is mentally capable of handling the rigors of a deposition. Sherrill has also become nearly blind due to bilateral cataracts, making it difficult for him to review the documents at issue in the claim until he receives cataract surgeries. He will have one surgery

in late August and one in mid-September, but might vary in
timing based on his health and ability to tolerate surgery.

Plaintiffs' Brief (docket number 48-1) at 5-6. Plaintiffs have not submitted an affidavit,
medical records, or other evidence in support of their claim that Sherrill's medical
condition does not permit him to participate in a deposition.

In their brief in resistance, Defendants concede that "Mr. Sherrill undisputedly
missed the original deposition due to health reasons."[1] According to an affidavit of
Defendants' attorney, Plaintiffs' attorney provided him with a doctor's note after the
motion for protective order was filed, stating that it would be "difficult for [Mr. Sherrill]
to sit through a deposition."[2] According to counsel's affidavit, however, "[t]he note did
not say it was against medical advice for Mr. Sherrill to be deposed, or that it would be
dangerous to his health."[3] On August 26, 2015 — after the motion for protective order
was filed — Plaintiffs' attorney contacted Defendants' attorney and stated that Sherrill
"would be able to engage in a phone deposition of up to ninety minutes and offered his
attendance for a phone deposition."[4] Apparently, a telephonic deposition of Sherrill is
acceptable to Defendants.[5]

Plaintiffs apparently concede that Defendants are generally permitted to take
Sherrill's deposition pursuant to FEDERAL RULE OF CIVIL PROCEDURE 30. Plaintiffs ask
the Court to enter a protective order, however, "indefinitely deferring the deposition of

---

[1] Defendants' Brief (docket number 52-1) at 3.

[2] Affidavit of Wilford H. Stone (docket number 52-2) at 2, ¶ 4. The Court was not
provided with a copy of the doctor's note.

[3] Id.

[4] Id., ¶ 5.

[5] Id., ¶ 3.

Sherrill until such time as he may be medically fit to sit in a deposition," citing FED. R. CIV. P. 26(c)(1).[6] RULE 26(c)(1) provides "[t]he court may, for good cause, issue an order to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."

Plaintiffs do not provide the Court, however, with any evidence regarding Sherrill's medical condition. Instead, Plaintiffs describe Sherrill's condition in their unsworn brief and include Sherrill's opinion that he "does not believe he is mentally capable of handling the rigors of a deposition." According to Mr. Stone's affidavit dated September 2, 2015, Defendants have offered to accommodate Plaintiffs by taking Sherrill's deposition telephonically. Mr. Stone further avers that Plaintiffs' attorney contacted Stone on August 26, 2015 and stated that Sherrill "would be able to engage in a phone deposition of up to ninety minutes and offered his attendance for a phone deposition." Plaintiffs have not filed any reply contesting Stone's description of the discussion.

The Court concludes that Alex Sherrill must submit to a deposition by Defendants' counsel. To accommodate Sherrill's medical condition, the deposition may be conducted telephonically and cannot exceed 90 minutes in length.

### B. Depositions of Remaining Opt-In Plaintiffs

Five of the opt-in plaintiffs have submitted to depositions by Defendants' counsel. Citing the concept of "representative testimony," however, Plaintiffs ask the Court to "issue a protective order preventing McMurrin from deposing the remaining opt-ins."[7] Defendants argue that the cases cited by Plaintiffs are distinguishable, and the concept of "representative testimony" has no application with this small class.

---

[6] Plaintiffs' Brief (docket number 48-1) at 10.

[7] *Id.*

The FEDERAL RULES OF CIVIL PROCEDURE authorize broad discovery. *See* FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). Generally, a party may depose any person, including another party, without leave of court. FED. R. CIV. P. 30(a)(1). In support of their argument that the three remaining opt-in plaintiffs need not submit to depositions, however, Plaintiffs argue that "numerous jurisdictions have routinely accepted representative testimony for FLSA claims."[8]

The Court finds Plaintiffs' argument to be unpersuasive. The cases cited by Plaintiffs in support of their argument are not on point. In *Brock v. Tony and Susan Alamo Foundation*, 842 F.2d 1018 (8th Cir. 1988), for example, the issue was whether the district court properly limited its award of damages to those who "chose or were chosen to testify." *Id.* at 1019-20. The Eighth Circuit concluded that "the district court must estimate and fashion a reasonable remedy that restores as fully as possible all the employees covered by the FLSA who were improperly denied compensation, regardless of the lack of records." *Id.* at 1019. *Brock* did not address any discovery dispute.

Similarly, in *Reich v. Gateway Press, Inc.*, 13 F.3d 685 (3d Cir. 1994), the Third Circuit Court of Appeals concluded that damages could be awarded to all affected employees, even though the plaintiff only offered the testimony of 22 out of 70 employees at trial. *Id.* at 701 ("[T]he Secretary did not have to bring every employee seeking back wages to court to testify."). That is, when dealing with a large class of employees, "not all employees need to testify in order to prove the violations or to recoup back wages." *Id.* at 702. The other cases cited by Plaintiffs are similarly distinguishable.

Plaintiffs cite *Morgan v. Family Dollars Stores, Inc.*, 551 F.3d 1233, 1265 (11th Cir. 2008), for the proposition that only seven plaintiffs were needed to testify on behalf

---

[8] *Id.* at 7.

of 1,424 opt-in plaintiffs. What Plaintiffs fail to note, however, is the fact that the court allowed 250 depositions of opt-in plaintiffs, in addition to the depositions of the named plaintiffs. The defendants initially wanted to take 2,100 depositions during the last 29 days prior to the discovery deadline. After the plaintiffs filed a motion for protective order, the court limited the defendants to not more than 250 depositions of the opt-in plaintiffs. *Id.* at 1244.

In their brief, Defendants cite numerous cases throughout the country which have authorized defendants to take individualized discovery of all class members.[9] In *Forauer v. Vermont Country Store, Inc.*, 2014 WL 2612044 (D. Vt. 2014), the Court recognized that there are "'two lines of cases regarding individualized discovery in opt-in class actions'; one allowing all opt-in plaintiffs to be subject to discovery and one allowing only a sample of opt-in plaintiffs to be subject to discovery." *Id.* at *2 (quoting *Coldiron v. Pizza Hut, Inc.*, 2004 WL 2601180 (C.D. Cal. 2004)). "Courts declining to allow individualized discovery have authorized a defendant to depose only 'a statistically significant representative sampling' of the plaintiffs, particularly when the opt-in plaintiffs are numerous." *Id.* The *Forauer* Court recognized that "[w]hen courts have authorized discovery for only a representative sample of plaintiffs, they have generally done so in which it would be impracticable, if not impossible, to depose each plaintiff." *Id.* at *4. The Court concluded that all 25 plaintiffs, including opt-in plaintiffs, were required to appear for their deposition.

Similarly, in *Rivera v. UBM Enterprise, Inc.*, 2014 WL 462586 (N.D. Texas 2014), the Court concluded that individualized discovery was appropriate for all 16 opt-in class members. The Court noted that where district courts have found individualized discovery in FLSA cases to be an undue burden, those cases "can be easily distinguished because

---

[9] Defendants' Brief (docket number 52-1) at 13-17.

each of them consider opt-in classes of vastly more individuals." *Id.* at *2. *See also White v. 14051 Manchester, Inc.*, 2013 WL 1867113 (E.D. Mo. 2013) (authorizing individual discovery of 50 opt-in plaintiffs "given the small opt-in class at issue.").

The Court finds the cases cited by Defendants, permitting individualized discovery, are more persuasive. Here, the entire class consists of only ten plaintiffs. It can hardly be argued that requiring all ten plaintiffs to submit to depositions constitutes "oppression" or "undue burden or expense." Accordingly, Plaintiffs' request that the Court issue a protective order preventing McMurrin from deposing the remaining opt-in plaintiffs will be denied.

### *ORDER*

IT IS THEREFORE ORDERED that the Motion for Protective Order (docket number 48) filed by Plaintiffs is **DENIED**, as follows: Plaintiff Alex Sherrill must submit to a deposition by Defendants' counsel. To accommodate Sherrill's medical condition, however, the deposition may be conducted telephonically and cannot exceed 90 minutes in length. The remaining opt-in plaintiffs (John Ault, Chad Brezina, and Derek Niggemeyer) must submit to depositions by Defendants' counsel.

DATED this 23rd day of September, 2015.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA