# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| ANTONIO LUCAS, ALEX SHERRILL and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>MIKE McMURRIN TRUCKING, INC., and MIKE McMURRIN,<br><br>Defendants. | No. 14-CV-116-LRR<br><br>**ORDER** |

## I. INTRODUCTION

The matter before the court is Plaintiffs' "Motion for Rule 23 Class Certification" ("Motion") (docket no. 34).

## II. PROCEDURAL HISTORY

On October 30, 2014, Plaintiffs filed the Complaint (docket no. 2). The Complaint asserts three claims: Count I, violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, 211, 215, and Counts II-III, violations of the Iowa Wage Payment Collection Law ("IWPCL"), Iowa Code § 91A. On February 2, 2015, Defendants filed an Answer (docket no. 14). On April 8, 2015, the court granted the parties' joint request to conditionally certify Plaintiffs' FLSA claim as a collective action. *See* April 8, 2015 Order (docket no. 27). On July 31, 2015, Plaintiffs filed the Motion. On August 17, 2015, Defendants filed a Resistance (docket no. 36). On August 18, 2015, Plaintiffs filed a Reply (docket no. 37). The Motion is fully submitted and ready for decision.

## III. SUBJECT MATTER JURISDICTION

The court has original jurisdiction over Plaintiffs' claim in Count I under the FLSA, 29 U.S.C. § 216(b). *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States."). The court has supplemental jurisdiction over Plaintiffs' state law claims in Counts II and III because those claims are so related to the claim over which the court has federal question jurisdiction that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."); *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 244-45 (2d Cir. 2011) (finding that supplemental jurisdiction exists over an action comprised of a FLSA opt-in collective action and state labor law opt-out class action because the state law claims arise out of the same case or controversy as the FLSA claims); *see also Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416 (D.C. Cir. 2006); *Nerland v. Caribou Coffee Co., Inc.*, 564 F. Supp. 2d 1010, 1027-29 (D. Minn. 2007).

## IV. ANALYSIS

### A. Applicable Law

Federal Rule of Civil Procedure 23 authorizes class actions that satisfy the requirements of numerosity, commonality, typicality and fair and adequate representation. Fed. R. Civ. P. 23(a) ("One or more members of a class may sue . . . as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." (formatting omitted)). Additionally, Rule 23 requires satisfaction of one of the three standards set forth in Rule 23(b)(1), (2) or (3). *See* Fed. R. Civ. P. 23(b); *Smith v. ConocoPhillips Pipe Line Co.*, __ F.3d __, __, 2015 WL 5332450, at *4 (8th Cir. 2015).

"In order to obtain class certification, a plaintiff has the burden of showing that the class should be certified and that the requirements of Rule 23 are met." *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 372 (8th Cir. 2013) (quoting *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994)); *see also Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, __, 131 S. Ct. 2541, 2551 (2011) ("A party seeking class certification must affirmatively demonstrate his compliance with [Rule 23]—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc."). "'[S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.'" *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2551 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). "Supreme Court precedent requires district courts to undertake a 'rigorous analysis' to ensure that all requirements of Rule 23 have been met." *Smith*, 2015 WL 5332450, at *4 (quoting *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2551).

### B. Parties' Arguments

Plaintiffs propose class certification for the following: "All current and former hourly truck drivers of McMurrin Trucking who have been employed at any time since October 30, 2012, and who are, or were, not receiving all wages, as defined in § 91A.2(7) of the Code of Iowa, owed for time worked." Brief in Support of the Motion (docket no. 34-1) at 6. Defendants argue that Plaintiffs have failed to meet the numerosity requirement of Rule 23 and, therefore, the court should deny the Motion. *See* Resistance at 1.

Although Defendants do not argue that Plaintiffs have failed to meet any requirements for class certification other than numerosity, the court must ensure that each Rule 23 requirement is satisfied prior to approving certification.

### C. Rule 23 Requirements

The court will first address the four requirements of Rule 23(a). Then, if those requirements are satisfied, the court will turn to Rule 23(b).

3

*1. Numerosity*

"[T]he numerosity requirement of Rule 23(a)(1) requires an inquiry into whether the class is 'so numerous that joinder of all members is impracticable.' A number of factors are relevant to this inquiry, the most obvious of which is, of course, the number of persons in the proposed class." *Paxton v. Union Nat. Bank*, 688 F.2d 552, 559 (8th Cir. 1982) (quoting Fed. R. Civ. P. 23(a)(1)). "In addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members." *Id.* at 559-60. However, "the numerosity requirement requires examination of the facts of each case and imposes no absolute limitations." *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980); *see also Paxton*, 688 F.2d at 559 ("No arbitrary rules regarding the necessary size of classes have been established."). The determination of numerosity "must be made 'in light of the particular circumstances of the case and generally, unless abuse is shown, the trial court's decision on this issue is final.'" *Ark. Educ. Ass'n v. Bd. of Educ. of Portland, Ark. Sch. Dist.*, 446 F.2d 763, 765 (8th Cir. 1971) (quoting 3 Moore, *Federal Practice* P23.05, at 3422 (2d ed. 1964)).

Plaintiffs argue that the court should grant the Motion because numerosity is demonstrated in the instant action as follows: there are forty-six proposed class members, fear of retaliation may prevent individual class members from bringing a claim, the amount of potential individual claims is relatively small and the financial resources of the potential class members are limited. Brief in Support of the Motion at 9-12. Defendants argue that Plaintiffs have not demonstrated numerosity because forty-six proposed plaintiffs does not necessarily warrant class certification, the proposed class members are not geographically dispersed and Plaintiffs know the identity and contact information for each of the proposed

4

class members. Therefore, Defendants argue that joinder is practicable and the Motion should be denied. The court will analyze each of the factors in turn.

### a. Number of potential class members

Plaintiffs argue that "[t]here is a general presumption numerosity exists with more than [forty] members and does not exist with fewer than [twenty-five] members." Brief in Support of the Motion at 9 (citing 1 Joseph M. McLaughlin, *McLaughlin on Class Actions: Law and Practice* § 4:5 (7th ed. 2011)). However, the treatise cited by Plaintiffs goes on to note that impracticability of joinder is a fact-specific determination and that "courts have rejected the notion that numerosity may be presumed at a certain number." McLaughlin, *McLaughlin on Class Actions: Law and Practice* § 4:5. Although some circuit courts of appeal have adopted a presumption for numerosity, the Eighth Circuit does not presume numerosity at any specific number. *See Paxton*, 688 F.2d at 559 ("No arbitrary rules regarding the necessary size of classes have been established."); *Sanft v. Winnebago Indus., Inc.*, 214 F.R.D. 514, 521 (N.D. Iowa 2003) ("No rigid rule of thumb has been developed in the Eighth Circuit Court of Appeals as to how many potential class members is sufficient to satisfy the numerosity requirement."). Furthermore, courts have found numerosity when there are fewer than twenty-five plaintiffs and declined to find numerosity when there were more than forty plaintiffs. *See e.g.*, *Ark. Educ. Ass'n*, 446 F.2d at 765-66 (approving a class of only twenty members); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 131-32 (1st. Cir. 1985) (denying certification for a class of forty-nine persons because the members were geographically concentrated). Therefore, the court shall consider the fact that there are forty-six proposed class members in conjunction with the other relevant factors to determine whether class certification is warranted.

### b. Fear of retaliation

Plaintiffs argue that fear of retaliation would prevent proposed class members from bringing individual suits and, therefore, the court should grant the Motion. Brief in

5

Support of the Motion at 10-11. Some courts have considered fear of retaliation as a factor in determining numerosity. *See Mullen v. Treasure Chest Casino, LCC*, 186 F.3d 620, 625 (5th Cir. 1999) (upholding a district court's finding of numerosity for a class of 100 to 150 proposed class members and stating that the district court "reasonably presumed that those potential class members still employed by [the defendant] might be unwilling to sue individually or join a suit for fear of retaliation at their jobs"). Plaintiffs cite to the fact that no current employees of Defendants have opted into the FLSA collective action as evidence that fear of retaliation is a factor in the instant action. However, Defendants argue that the fact that no current employees joined the FLSA collective action may simply evidence those employees' belief that "they have been, and are, being properly paid." Brief in Support of the Resistance (docket no. 36-1) at 9.

The court will consider the factor of fear of retaliation in its consideration of numerosity. However, the fact that Plaintiffs have not presented any evidence demonstrating a basis for this argument beyond mere speculation suggests to the court that it should give only limited consideration to this factor.

### c. *Amount of potential recoveries*

Plaintiffs argue that the court should grant the Motion because the likely amount of potential recoveries for each individual class member is limited. Plaintiffs state that ten of the potential plaintiffs worked for Defendants for less than six months and others may not have worked significantly longer. *See* Brief in Support of the Motion at 11-12. Courts have considered the size of individual claims in analyzing numerosity. *See Hewlett v. Premier Salons Intern., Inc.*, 185 F.R.D. 211, 216 (D. Md. 1997); *Hernandez v. Alexander*, 152 F.R.D. 192, 194 (D. Nev. 1993). Here, although Plaintiffs have not discussed the specific amount of recoveries, the court finds that based on some of the proposed class members' length of employment and the hourly rate some class members

6

earned, recoveries may in fact be "relatively small." *See* Brief in Support of the Motion at 11; Exhibit C (docket no. 38). This factor weighs in favor of a finding of numerosity.

### d. *Financial resources*

Plaintiffs argue that the proposed class members' lack of financial resources weighs in favor of class certification. Defendants argue that because Plaintiffs have not produced evidence on this issue, the court should not consider it as a factor. *See* Brief in Support of the Resistance at 8. Defendants cite *Sanft v. Winnebago Indus., Inc.* in support of this contention. However, the proposed class members in *Sanft* were current and former executives at Winnebago Industries, Inc., and the court refused to speculate that such persons lacked the financial means to bring an individual lawsuit. *Sanft*, 214 F.R.D. at 524. Here, the proposed class members are truck drivers. The court can safely presume that many, if not all, proposed class members may not have the financial wherewithal to institute individual lawsuits. Furthermore, Plaintiffs included financial information for some of the proposed class members in the Reply. *See* Exhibit D (docket no. 39). Therefore, the factor of financial resources weighs in favor of class certification.

### e. *Geographic dispersion*

Plaintiffs argue that although most proposed class members are geographically concentrated, this factor should not be determinative in light of the fear of retaliation. Reply at 2. Defendants argue that the close geographic proximity of the majority of proposed class members makes joinder practicable. Brief in Support of the Resistance at 6-7. Geographic proximity is often a consideration in finding numerosity, or lack thereof. *See Turnage v. Norfolk S. Corp.*, 307 Fed. Appx. 918, 921 (6th Cir. 2009) (finding that "the ease of identifying potential plaintiffs due to their tight geographical proximity" weighed heavily against a finding of numerosity). The fact that the vast majority of the proposed class members live in the greater Cedar Rapids area is relevant to the determination of numerosity. This factor weighs against class certification.

7

####### f. *Knowledge of class members*

Plaintiffs do not dispute that the identities of proposed class members are ascertainable. *See* Exhibit A (docket no. 35) at 3-4. However, Plaintiffs argue that this factor is less important than the issues of financial resources and fear of retaliation. Defendants argue that the fact that Plaintiffs are aware of all of the proposed class members' identities and have their contact information make joinder practicable, weighing against class certification. The ease of identifying potential class members is a factor to be considered in determining numerosity. *See Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir. 1980) ("Practicability of joinder depends on the size of the class, ease of identifying its members and determining their addresses, facility of making service on them if joined and their geographic dispersion."). Here, Plaintiffs are aware of all of the potential class members, as well as their addresses and their dates of employment with Defendants. *See* Exhibit A at 3-4. Therefore, this factor weighs against class certification.

####### g. *Totality of the circumstances*

The factors weighing in favor of finding that Plaintiffs satisfied the requirement of numerosity, making joinder impracticable, are the amount of potential recoveries for individual claims, the financial resources of the individual class members and, to a lesser extent, fear of retaliation. The factors weighing against numerosity are the geographic concentration of the proposed class members and the fact that Plaintiffs have already ascertained the identities and contact information for all of the proposed class members. After weighing all of the applicable factors, the court finds that Plaintiffs have failed to meet the numerosity requirement under Rule 23(a)(1). Joinder is practicable in the instant action because the proposed class members are geographically concentrated and their identities and contact information is already known. All but one of the proposed class members appears to live in the greater Cedar Rapids area. *See* Exhibit B (docket no. 37-1). Furthermore, the proposed class size is, at most, forty-six. Although forty-six is

larger than some certified classes, it is not so numerous as to render joinder impracticable. Because joinder is not impracticable in the instant action, the court need not analyze the other requirements of Rule 23.

## V.  *CONCLUSION*

In light of the above findings, class certification under Rule 23 is not warranted in the instant action. Accordingly, the Motion (docket no. 34) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 5th day of October, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

9